UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT SACHS, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PANKOW OPERATING, INC., a California Corporation, CHARLES PANKOW BUILDERS, LTD., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 2:21-cv-07742-AB (ADSx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT** |

Before the Court is Plaintiff Kent Sachs's ("Plaintiff" or "Sachs") Motion to Remand Pursuant to 28 U.S.C. § 1447 ("Motion to Remand" or "Motion"). (Dkt. No. 10). Defendant Charles Pankow Builders, Ltd. ("Defendant" or "Pankow") opposed the Motion ("Opp'n"), (Dkt. No. 12), and Plaintiff filed a Reply ("Reply"), (Dkt. No. 13). The Court deemed the Motion to Remand appropriate for decision without oral argument and took the matter under submission on November 29. 2021. (Dkt. No. 14).

1.

For the reasons stated below, the Court now **DENIES** Plaintiff's Motion.

## I. BACKGROUND

### a. Factual Background

The following factual allegations are taken from Plaintiff's Class Action Complaint ("Complaint"), (Dkt. No. 1-4), except where noted otherwise. Defendant, a construction company, employed Plaintiff as an "hourly-paid, non-exempt employee" from June 2017 to June 2020, in the County of Los Angeles. (*Id.*, ¶ 19).[1] Plaintiff alleges that Defendant failed to compensate him for all hours worked, for missed meal periods, and for missed rest breaks. (*Id.*, ¶ 20). He alleges that Defendant either knew or should have known both that Plaintiff was entitled to overtime compensation and that he was not receiving such compensation for all overtimes hours worked. (*Id.*, ¶ 27). Similar allegations are made concerning the way in which work time was calculated. (*Id.*, ¶ 28). Moreover, Plaintiff alleges failures to provide proper rest breaks and meal periods, (*Id.*, ¶ 29–30), failures to provide at least minimum wages for compensation, (*Id.*, ¶ 33), failures to provide all unpaid wages at the time of discharge or resignation (*Id.*, ¶ 34), failures to provide complete and accurate wage statements, (*Id.*, ¶ 36), failures to keep complete and accurate payroll records, (*Id.*, ¶ 37), and failures to reimburse "necessary business-related expenses," (*Id.*, ¶ 38). Plaintiff's employment with Pankow was governed by a collective bargaining agreement ("CBA"). (Dkt. No. 1-3).

### b. Procedural Background

On July 27, 2021, Plaintiff filed his Complaint against Defendant (as well as Pankow Operating, Inc. and 100 Doe defendants), including nine causes of action alleging violations of the California Labor Code and one cause of action alleging violation of the California Business & Professions Code. (*Id.*) In particular, Plaintiff's

---

[1] Note that Defendant alleges a different period of employment, claiming that Plaintiff was employed by Pankow from September 2018 to June 2019. (Opp'n at 4).

causes of action allege (i) unpaid overtime, (ii) unpaid meal period premiums, (iii) unpaid rest period premiums, (iv) unpaid minimum wages, (v) final wages not timely paid, (vi) wages not timely paid during employment, (vii) non-compliant wage statements, (viii) failure to keep requisite payroll records, (ix) unreimbursed business expenses, and (x) unfair competition. (*Id.* at 11–22).

On September 29, 2021, Defendant Charles Pankow Builders, Ltd. removed the state court action to this Court, claiming it had a right to do so on the basis of federal question jurisdiction. (Dkt. No. 1 at 2). More specifically, Pankow argued that removal was justified because there was "federal preemption based on § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185." On October 29, 2021, Plaintiff filed his Motion to Remand.

## II.     LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566) ("the court resolves all ambiguity in favor of remand to state court").

According to 28 U.S.C. § 1331, federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." Moreover, "an action may 'arise under' a law of the United States if the plaintiff's

right to relief necessarily turns on construction of federal law." *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (1986).

A motion to remand challenges the propriety of an action's removal to federal court. *See* 28 U.S.C. § 1447(c). This type of motion is "the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1). *See Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "Like plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; [instead, the defendant] must allege the underlying facts supporting each of the requirements for removal jurisdiction." *Id.* (citing *Gaus*, 980 F.2d at 567).

### III. DISCUSSION

Resolution of Plaintiff's Motion to Remand depends on proper interpretation and application of Section 301(a) of the Labor Management Relations Act ("LMRA"), which states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a).

The Supreme Court has said that the preemptive force of this statute is powerful enough to displace state causes of action entirely. *See Franchise Tax Bd. Of State of Cal. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983). In other words, a cause of action that arises under § 301 will, upon removal to federal court, become "purely a creature of federal law." *Id.* And this will hold true, even if the cause of action was originally pled under state law and "state law would provide a cause of action in the absence of § 301." *See id.* at 23–4.

In order to determine whether a cause of action is preempted by § 301, the

Ninth Circuit follows the two-part *Burnside* test. *See Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). At the first step, the Court must determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA. If the right exists solely as a result of the CBA, then the claim is preempted, and our analysis ends there." *Id.* If the right exists independently of a CBA, then, at the second step, the Court must determine whether the right still "substantially depends" on analyzing the relevant CBA. Where there is substantial dependence, there is preemption by § 301. *See id.* Moreover, where the right in question neither exists solely as a result of the CBA nor substantially depends on analysis of the CBA, the cause of action is not preempted by § 301 and does not arise under federal law. *See id.* In such cases, it would be proper for the Court to remand the cause of action to state court.

### a. Plaintiff's First Cause of Action

Plaintiff's first cause of action alleges that Defendant failed to compensate Plaintiff for overtime work. (Complaint, ¶ 56). Defendant argues that removal of this claim was warranted because Plaintiff's right to overtime compensation existed solely as a result of the CBA that governed Plaintiff's employment. (*See* Opp'n at 17). In other words, Defendant argues that this cause of action is preempted by § 301 because it does not get past the first step of the *Burnside* test. The Court agrees.

Plaintiff bases his first cause of action on two parts of the California Labor Code: § 510 and § 1198. First, Plaintiff points to §510, which defines various types of overtime work and sets rates of pay for employees who work overtime hours. Cal. Lab. Code § 510(a). Plaintiff then points to *Valles v. Ivy Hill Corp.*, 410 F.3d 1071 (9th Cir. 2005), which states that, "[a] claim brought in state court on the basis of a state-law right that is independent of rights under the collective-bargaining agreement, will not be preempted [by § 301], even if a grievance arising from precisely the same set of facts could be pursued." 410 F.3d at 1076 (cleaned up). Plaintiff's argument,

then, is that his claim for overtime compensation should not be preempted, because he brought it in state court and based it on a state-law right that was independent of any similar rights he had under the CBA governing his employment. In particular, he argues that the relevant state-law right was provided by Cal. Lab. Code § 510(a). Even though Plaintiff could have pursued a similar claim on the basis of the CBA alone, he chose to pursue his first cause of action in state court, on the basis of state law. Therefore, Plaintiff argues, there is no § 301 preemption, and the first cause of action should be remanded.[2]

The problem with this argument is that the state-law right provided by § 510 does not extend to Plaintiff. Cal. Lab. Code § 514 says the following:

> Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage.

These conditions are met in this case. First, Plaintiff's employment was covered by a valid CBA. (*See* Dkt. No. 1-3). Plaintiff does not dispute this fact. Second, the CBA provides for the wages, hours of work, and working conditions of the employees. (*See id.* at 27–32, 37–44, 46–54). Lastly, the CBA provides premium wage rates for all overtime hours worked, (*Id.* at 53), and a regular hourly rate of pay for employees of Plaintiff's classification that is at least 30 percent more than the current state minimum wage of $14 per hour, (*Id.* at 46).[3] Therefore, § 510(a) does not

---

[2] Plaintiff also supports this argument by pointing out (i) that § 301 preemption is not meant to interfere with a state's "mandatory" and "nonnegotiable" rules governing employment, and (ii) that preemption cannot be based solely on the fact that a defendant mounts a CBA-based defense. (Motion at 5). *See Valles*, 410 F.3d at 1075–76; *Cramer v. Consolidated Freightways*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc).

[3] Note that 30 percent more than $14 is $18.20. Defendant says that Plaintiff spent his time at Pankow as a Journeyman Carpenter, (Opp'n at 4), and Pankow Carpenters have a wage rate of at least $39.83, (Dkt. No. 1-3 at 46).

apply to Plaintiff and does not provide Plaintiff with a state-law right to overtime compensation.

Plaintiff also bases his first cause of action on Cal. Lab. Code § 1198, which states that the Industrial Welfare Commission ("IWC") shall fix "[t]he maximum hours of work and the standard conditions of labor," by means of an order, and that violations of the order are prohibited as "unlawful." For this reason, Plaintiff's first cause of action refers not only to § 1198 but also to "the applicable IWC Wage Order." (Complaint, ¶ 52). Though Plaintiff does not identify it for the Court, the "applicable" order is IWC Order No. 16-2001. The Division of Labor Standards Enforcement has clarified that this Order applies to carpenters, *see Which IWC Order? Classifications*, California Department of Industrial Relations, https://www.dir.ca.gov/dlse/whichiwcorderclassifications.pdf at 30, 35, and Plaintiff worked for Pankow as a carpenter, (Opp'n at 4).

Section 3 of the Wage Order is entitled "Hours and Days of Work," and Subsections 3(A), 3(B), and 3(D) concern overtime work and overtime rates of pay. 3(H)(1), however, says that the above subsections "shall not apply to any employee covered by a valid collective bargaining agreement" and then defines a valid CBA using the exact language of Cal. Lab. Code § 514. Moreover, it expressly refers to § 514. The same reasoning that applied to § 514 applies to § 1198 and IWC Wage Order No. 16-2001. Therefore, the Order does not apply to Plaintiff and does not provide Plaintiff with a state-law right to overtime compensation.[4]

On Plaintiff's view, there was no § 301 preemption in this case because Plaintiff's first claim was brought in state court, on the basis of a state-law right that is

---

[4] Note that the three most recent versions of IWC Wage Order 16-2001 contain the exact language quoted above (and below). These three orders have effective dates of January 1, 2017; January 1, 2019; and January 1, 2021, which means they cover all possible employment dates alleged by either Plaintiff or Defendant.

7.

fully independent of the applicable CBA. *See Valles*, 410 F.3d at 1076. But Plaintiff has no independent state-law right to overtime compensation in this case, since neither of the statutes Plaintiff cites in fact apply to him; Plaintiff's right to overtime compensation exists solely as a result of the applicable CBA. *See Burnside*, 491 F.3d at 1059. Plaintiff's argument against preemption of his first cause of action fails, meaning that his argument to remand that claim fails as well.

### b. Plaintiff's Second Cause of Action

Plaintiff's second cause of action, alleging that Defendant did not pay Plaintiff full meal period premiums, fails for similar reasons. (Complaint, ¶ 67). Plaintiff bases his second cause of action on Cal. Lab. Code §§ 226.7 and 512(a), as well as the "applicable IWC Wage Order," which, again, is IWC Wage Order 16-2001. (*Id.*, ¶ 68). § 512(a) is followed by § 512(e), which says that § 512(a) does not apply to employees in construction occupations, provided that they are covered by a valid CBA. Cal. Lab. Code § 512(e)(2). Moreover, it defines "valid CBA" using the same language that is used in § 514, with the following additions: the CBA must "expressly [provide] for meal periods" and provide "final and binding arbitration of disputes concerning application of its meal period provisions." *Id.* The CBA that governed Plaintiff's employment meets both of these conditions. (*See* Dkt. No. 1-3 at 30–31). Therefore, Plaintiff has no independent state-right to meal period premiums based on § 512(a). Moreover, (i) parallel language appears in Wage Order 16-2001, in Subsection 10(E), and (ii) Cal. Lab. Code § 226.7(e) says that § 226.7 does not apply to any employee "who is exempt from meal or rest or recovery period requirements pursuant to other laws . . . including . . . a statute . . . or order of the Industrial Welfare Commission." In other words, neither the applicable Wage Order nor § 226.7 provide Plaintiff with an independent state-law right to meal period premiums. As with Plaintiff's first cause of action, Plaintiff's second cause of action concerns a right that solely exists as a result of the CBA. *See Burnside*, 491 F.3d at 1059. For this reason,

Plaintiff's argument against preemption of the second cause of action fails, as does Plaintiff's motion to remand that claim to state court.

### c. Plaintiff's Remaining Eight Causes of Action

Defendant does not argue that Plaintiff's remaining causes of action concern rights that exist solely as a result of the CBA. Instead, Defendant argues that the second step of the *Burnside* test applies to these claims: though these rights are grounded in state law, they still "substantially depend" on analyzing the terms of the CBA. *See id.* To satisfy the second step of the *Burnside* test, the Court must interpret the applicable CBA, rather than merely "look to" or refer to it. *See Kobold v. Good Samaritan Regional Medical Center*, 832 F.3d 1024, 1033 (9th Cir. 2016); *Burnside*, 491 F.3d at 1060 (citing *Livadas v. Bradshaw*, 512 U.S. 107, 125 (1994)); *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000). That is, resolution of the claim in question must require interpretation of a reasonably disputable part of the CBA. *See id.*

At this stage in the litigation, it is difficult for the Court to determine just what sort of role the CBA will play in resolving these eight claims. Moreover, the Parties say relatively little in their papers about why the remaining eight claims do (or do not) satisfy the second part of the test. (*See* Motion at 6–7, Opp'n at 19–20, and Reply at 4–5.) Since "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal," remanding these claims would ordinarily appear to be appropriate. *See Gaus*, 980 F.2d at 566.

However, it would be proper for the Court to exercise supplement jurisdiction over these eight claims, because they and the first two claims "derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). After all, every one of Plaintiff's claims are related to Defendant's alleged failures to pay Plaintiff properly during Plaintiff's time of employment with Defendant. Therefore, the Court chooses to exercise supplement jurisdiction over Plaintiff's

remaining eight claims.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand. The Motion is denied with respect to the first two causes of action, on the grounds that they both concern rights existing solely as a result of the applicable CBA (and are therefore preempted by § 301 of the LMRA). Moreover, the Motion is denied with respect to the remaining eight causes of action because the Court exercises supplemental jurisdiction over them, on the grounds that they and the first two causes of action derive from a common nucleus of operative fact. Plaintiff's case will remain before this Court.

**IT IS SO ORDERED.**

Dated: December 28, 2021

HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE